**Winifred BOLAM and Christiane Massias, Plaintiffs,**

v.

**L. & N. RAILROAD and Pennsylvania Railroad, Defendants.**

Civ. A. No. 4288.

United States District Court
S. D. Ohio.

April 8, 1960.

C. R. Beirne and Stanley Aronoff, Cincinnati, Ohio, for plaintiff.

John G. Tomlin, Dinsmore, Shohl, Dinsmore & Todd, Cincinnati, Ohio, for defendants.

DRUFFEL, District Judge.

*Findings of Fact*

Plaintiffs bring this action against the defendants, L. & N. Railroad and Pennsylvania Railroad, to recover judgment for damages for personal injuries sustained by them in an accident which occurred about nine o'clock p. m. on January 15, 1958, at the intersection of Fifth Street and Saratoga Street in Newport, Campbell County, Kentucky. On March 21 and March 22, 1960, the cause was heard on the pleadings and the evidence, all parties having waived trial by jury.

From the evidence received upon the trial the court finds the facts as follows:

1. Plaintiffs, Winifred Bolam and Christiane Massias, were passengers in an automobile which was being operated by Eugene C. Tower in an eastwardly direction on Fifth Street in Newport, Kentucky. The L. & N. Railroad owns and maintains a single railroad track running in a northwardly and southwardly direction on Saratoga Street with lanes reserved for vehicular traffic on the east and west side. The City of Newport has placed standard stop signs for vehicular traffic at each of the four corners of the intersection. The stop sign regulating eastbound traffic on Fifth Street was located on a telephone pole at the southeast corner at which corner is also located a Gulf Service Station operated by Edward Eager. None of said signs contained any notice of the presence of the railroad tracks.

2. At said time and place a collision occurred between the automobile operated by Eugene C. Tower and a Pennsylvania Railroad diesel locomotive. Said locomotive was being operated by a Pennsylvania Railroad crew and was being backed in a northwardly direction on Saratoga Street at the time of the collision. The locomotive coupler came in contact with the automobile at a point in the right rear door, the automobile thereafter completely traversing the intersection and coming to rest on Fifth Street facing in a westwardly direction at the northeast corner. When the locomotive, which was 48′ long and 14′6″ high, came to rest after the impact, the rear end was somewhere between the center and north line of Fifth Street.

3. The locomotive was being operated at a rate of speed not exceeding six miles per hour with the headlight lighted, four ground lights lighted and

the bell ringing. The headlight was located at the top of the cab of the locomotive approximately 14' above the ground level. The ground lights faced the ground. No other lights were facing northwardly on the locomotive other than the headlight. The bell was located in the forward part of the engine near the southwest portion thereof, as the engine backed northwardly. No whistle was sounded. The engine was black.

4. No occupant of the vehicle saw the locomotive until immediately prior to the impact, when the automobile was crossing the tracks.

5. The railroad crossing is not equipped with manual or automatic signal devices, nor is it equipped with gates or watchmen, nor is there a crossarm or other railroad sign. The crossing is located in a business and residential district of downtown Newport with a Gulf Service Station on the southwest corner, a vacant lot on the southeast corner, the Saratoga Club (Bar) on the northeast corner and a three-story building on the northwest corner. A large volume of traffic crosses the railroad at this intersection. There are street lights along Saratoga and Fifth Streets which were lighted at the time of the collision. There was no evidence of other accidents involving locomotives or trains and automobiles at this intersection, but the engine man in charge of the locomotive had observed autos crossing in front of locomotive being operated by him through this crossing and narrowly escaping collisions.

6. Plaintiff, Winifred Bolam, sustained a comminuted fracture of the nose, permanent disfigurement of the face and fractures of six teeth incurring hospital and medical expenses in the sum of $684.97, damage to personal property in the sum of $150 and loss of wages in the sum of $600.

7. Plaintiff, Christiane Massias, sustained post-traumatic thrombophlebitis from a hematoma in the left calf in addition to contusions of the scalp, upper lip, right shoulder, right knee and left tibia incurring hospital and medical expenses in the sum of $220.37, damage to personal property in the sum of $150 and loss of wages in the sum of $300. She sustained no permanent disability.

### Conclusions of Law

The court states its conclusions of law as follows:

1. The court has jurisdiction over the parties and the subject matter.

2. Eugene C. Tower was negligent in the operation of the automobile, but his negligence was not imputed to the plaintiffs.

3. Plaintiffs were not contributorily negligent.

4. Neither the defendant, Pennsylvania Railroad, nor any of its agents were negligent in the operation of the locomotive.

5. The defendant, L. & N. Railroad was not in violation of any statute, ordinance or regulation in the maintenance of said crossing, but the hazardous character of the crossing required that a warning signal or sign be installed and maintained.

6. The defendant, L. & N. Railroad, was negligent in the maintenance and operation of the crossing in failing to install and maintain any signal or any sign of any kind to warn persons approaching the crossing under the circumstances and said negligence was a proximate cause of the injuries sustained by the plaintiffs.

7. The plaintiff, Winifred Bolam, is entitled to judgment in the total sum of $6,200 but has received compensation in the total sum of $3,500 from the liability insurance carrier of Eugene C. Tower and is therefore entitled to judgment in the sum of the difference, or $2,700.

8. The plaintiff, Christiane Massias, is entitled to judgment in the total sum of $2,950 but has received compensation in the total sum of $1,250 from the liability insurance carrier of Eugene C. Tower and is therefore en-

titled to a judgment in the sum of the difference, or $1,700.

The court directs entry of judgment in favor of Winifred Bolam and Christiane Massias as above and costs.

To all of which defendant, L. & N. Railroad, excepts.